TROUTMAN PEPPER LOCKE LLP
Peter Yould (SBN 339155)
peter.yould@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, CA 92618
Telephone: 949.622.2700
Facsimile: 949.622.2739

TROUTMAN PEPPER LOCKE LLP
Heather Smith (SBN 357018)
heather.c.smith@troutman.com
Three Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: 415.477.5700
Attorneys for Defendant
Navy Federal Credit Union

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION AT LOS ANGELES**

| | |
|---|---|
| CHRISTOPHER LYTTLE, <br><br>　　　　　Plaintiff, <br><br>　vs. <br><br>NAVY FEDERAL CREDIT UNION, <br><br>　　　　　Defendant. | Case No. 2:25-cv-00031-MAA <br><br> **DEFENDANT NAVY FEDERAL CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

## INTRODUCTION

1.　CHRISTOPHER LYTTLE (Plaintiff) brings this action to secure redress from NAVY FEDERAL CREDIT UNION (Defendant) for violations of the Electronic Funds Transfer Act (15 U.S.C. § 1693 *ET. SEQ.]*, the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *ET SEQ.*] and the California Identity Theft Act., Cal. Civ. Code § 1798.92-87, *ET. SEQ.*].

**RESPONSE:** The allegations in Paragraph 1 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the Electronic Funds Transfer Act, 15 U.S.C. § 1693 and 15 U.S.C. § 1640(e), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

**RESPONSE:** The allegations in Paragraph 2 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

3. Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

**RESPONSE:** The allegations in Paragraph 3 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

4. Plaintiff is a natural person residing in Los Angeles County, California.

**RESPONSE:** Navy Federal lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 4, and on that basis denies the same.

5. Defendant is a claimant as that term is defined under Cal. Civ. Code § 1798.92(a).

**RESPONSE:** The allegations in Paragraph 5 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**RESPONSE:** The allegations in Paragraph 6 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

7. Plaintiff is informed and believes and on that basis alleges that Defendant is responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendant, or as their agents, servants, employees, and that each of them are legally liable to Plaintiff, as set forth below.

**RESPONSE:**

The allegations in Paragraph 7 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## FACTUAL ALLEGATIONS

8. On July 29, 2024, Plaintiff discovered his debit card information from Navy Federal Credit Union had been stolen and used throughout the prior evening without her approval.

**RESPONSE:** Navy Federal lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 8, and on that basis denies the same.

9. The charges totaled $ 901.80 and included unauthorized transactions at Yamamoto Encino, PINZ Bowling Studio City, Erewhon Market Studio City, Chevron Van Nuys and Jack in the Box.

**RESPONSE:** The allegations in Paragraph 9 refer to documents or records which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

10. Plaintiff immediately disputed the charges with Defendant and promptly filed a police report.

**RESPONSE:** The allegations in Paragraph 10 refer to documents or records which speak for themselves. To the extent the allegations are contrary to the documents, they are denied.

11. The police subsequently arrested the thief and he was prosecuted by the Los Angeles District Attorney.

**RESPONSE:** Navy Federal lacks sufficient knowledge to form a belief as to the truth or falsity of the allegations in Paragraph 11, and on that basis denies the same.

12. Notwithstanding, Defendant has failed to credit/reverse the fraudulent [charges.] Moreover, at no time did Defendant provide provisional credit for the disputed transactions.

**RESPONSE:** Denied.

## FIRST CAUSE OF ACTION

**(Violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 et. seq.)**

13. Plaintiff brings this cause of action pursuant to the United States Electronic Funds Transfer Act ("EFTA").

**RESPONSE:** The allegations in Paragraph 13 contain characterizations of the lawsuit, to which no response is required. To the extent a response is required, the allegations are denied.

14. Plaintiff provided notice to Defendant within 60 days after Defendant sent a period statement reflecting an alleged error, thereby triggering the error resolution requirements of 12 C.F.R. § 1005.11.

**RESPONSE:** The allegations in Paragraph 14 refer to documents or records which speak for themselves. The remaining allegations in Paragraph 14 contain statements or conclusions of law to which no response is required. To the extent the allegations are contrary to the documents or law, they are denied.

1    15.    Pursuant to 15 U.S.C. §1693f(1)-(3), and (7) an "error" as described above includes: (1) (2) account; (3) an unauthorized electronic fund transfer; an incorrect electronic fund transfer from or to the consumer's the omission from a periodic statement of an electronic fund transfer affecting incorrect electronic fund transfer from or to the consumer's account; ... (7) Any other error described in regulations of the Bureau.

**RESPONSE:** The allegations in Paragraph 15 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

16.    By failing to credit Plaintiff's account and to reverse the fraudulent transactions, Defendant has failed to conduct good faith investigations into the unauthorized transactions that Plaintiff has reported by, among other things, failing to provide Plaintiff reasonable access to Defendant's customer service. 18. 1693f(e).

**RESPONSE:** The allegations in Paragraph 16 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

17.    Plaintiff is therefore entitled to treble damages under 15 U.S.C. § Defendant violated Regulation E by failing to limit Plaintiff's liability as required by 12 C.F.R. § 1005.6(b). 20. 15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

**RESPONSE:** The allegations in Paragraph 17 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE, SUITE 1500
IRVINE, CA 92618

18. Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

**RESPONSE:** The allegations in Paragraph 18 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

19. Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

**RESPONSE:** Denied.

## SECOND CAUSE OF ACTION

**(Violation of the RFDCPA, Cal. Civ. Code § 1788)**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:** The allegations in Paragraph 20 do not require a response.

21. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of

Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act), by violating the following provisions of the FDCPA:

 1) Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt;

 2) Defendant violated §1692e(2)(a) of the FDCPA by misstating the character, amount and legal status of the debt;

 3) Defendant violated §1692e(10) by utilizing false representations or deceptive means to collect or attempt to collect any debt.

 4) Defendant violated §1692f(1) by utilizing unconscionable means to collect or attempt to collect any debt, including seeking collection of a debt not authorized by contract or law.

**RESPONSE:** The allegations in Paragraph 21, including subparts (a)(1)-(4), contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

22. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**RESPONSE**: Denied.

23. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

**RESPONSE:** The allegations in Paragraph 23 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## THIRD CAUSE OF ACTION

### (Violations of California Civil Code § 1798.92-97)

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**RESPONSE:** The allegations in Paragraph 24 do not require a response.

25. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

**RESPONSE:** The allegations in Paragraph 25 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

26. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

**RESPONSE:** The allegations in Paragraph 26 contain statements and conclusions of law to which no response is required. To the extent the allegations are contrary to the law, they are denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendant, for the following:

1. Actual damages under the 15 U.S.C. § 1693(m)(a)(1);
2. Statutory damages under 15 U.S.C. § 1693(m)(a)(2);

3. Actual damages under Cal. Civ. Code § 1788.30(a);

4. Statutory damages under Cal. Civ. Code § 1788.30(b);

5. A civil penalty of $ 30,000.00 pursuant to Cal. Civ Code § 1798.93c(6);

6. For prejudgment interest at the legal rate; and

7. Any other relief this Honorable Court deems appropriate.

**RESPONSE:** Navy Federal denies Plaintiff is entitled to the relief requested in the unnumbered "wherefore" paragraph below the heading Prayer for Relief, or any relief whatsoever.

## DEMAND FOR TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

**RESPONSE:** Navy Federal admits Plaintiff's Complaint demands a jury trial.

## AFFIRMATIVE DEFENSES

Without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the causes of action included in the Complaint, Navy Federal allege the following separate Defenses based on information and belief, with respect to Plaintiff.

## FIRST DEFENSE

### (Damages Caused by Third Parties)

Plaintiff cannot recover from Navy Federal to the extent any damages that Plaintiff may have or will suffer as alleged in the Complaint, which Navy Federal continues to deny, have been or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions of persons or entities over whom Navy Federal had no control, and for whom Navy Federal are not responsible.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE, SUITE 1500
IRVINE, CA 92618

## SECOND DEFENSE

### (No Actual Damages)

Plaintiff's claims are barred to the extent Plaintiff has not suffered any actual damages.

//

## THIRD DEFENSE

### (Failure to Mitigate Damages)

Plaintiff's claims are barred to the extent Plaintiff has failed to mitigate his damages.

## FOURTH DEFENSE

### (Punitive Damages Limited by Law and the Constitution)

Plaintiff's claims for punitive damage fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, Navy Federal states that while it does not believe Plaintiff has stated a claim for punitive damages, even if it proves an entitlement to any such punitive damage award, Navy Federal is entitled to the affirmative defense that any such award must comport with the Due Process clause under the Constitution of the United States of America.

## FIFTH DEFENSE

### (Good Faith Acts)

At all times relevant, Navy Federal acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal or state law.

## SIXTH DEFENSE

### (Estoppel)

Plaintiff's claims fail to the extent they are barred by the doctrines of estoppel (judicial, equitable, collateral or otherwise) or res judicata.

## SEVENTH DEFENSE

### (Bona Fide Error)

Navy Federal's conduct was at all relevant times compliant with all applicable statutes and regulations. However, should a court find any of its conduct violated any applicable statutes or regulations, such violation occurred as a result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## EIGHTH DEFENSE

### (Contributory Negligence)

Plaintiff's claims are barred to the extent Plaintiff was contributorily negligent.

## NINTH DEFENSE

### (Payment/Set Off)

Plaintiff's claims are barred to the extent it relates to the disputed charges because Navy Federal has already credited the disputed amounts to Plaintiff.

## ADDITIONAL DEFENSES

There may be additional defenses to Plaintiff's alleged causes of action which are currently unknown. Navy Federal reserves the right to seek leave from the Court to amend this answer to allege additional defenses in the event discovery or other information indicates they are appropriate.

**WHEREFORE,** Navy Federal prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his Complaint filed herein;
2. That judgment be entered against Plaintiff dismissing the Complaint with prejudice;
3. That judgment be entered in Navy Federal's favor;

4. For costs of suit incurred herein;

5. For reasonable attorneys' fees incurred herein to the fullest extent allowed by applicable law; and

6. For other relief as the Court may deem just and proper.

Dated: April 14, 2025                **TROUTMAN PEPPER LOCKE LLP**

By: /s/ *Heather C. Smith*
    Peter B. Yould
    Heather C. Smith
    Attorney for Defendant
    Navy Federal Credit Union

# CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2025, a copy of the foregoing **DEFENDANT NAVY FEDERAL CREDIT UNION'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

> */s/ Heather C. Smith*
> Heather C. Smith